IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CRAIG SKIPPER, #146 391,       )
                               )
        Plaintiff,             )
                               )
        v.                     ) CIVIL ACTION NO. 2:14-CV-1187-MHT
                               )                  [WO]
OFFICER E. LAMBERT, *et al*.,  )
                               )
        Defendants.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 4, 2014, the court granted Plaintiff fourteen days to file with the Clerk either the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* or a motion for leave to proceed *in forma pauperis* accompanied by an affidavit in support thereof. *Doc. No. 2*. Plaintiff was cautioned that his failure to comply with the December 4 order would result in a Recommendation that his complaint be dismissed. *Id.* The requisite time has passed and Plaintiff has not provided the court with either the filing fee or a motion for leave to proceed *in forma pauperis*. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that on or before **February 13, 2015**, Plaintiff may file an objection to

the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of January 2015.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE